

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2005

# Cent PA Teamsters v. Power Pkg

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2867

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cent PA Teamsters v. Power Pkg" (2005). *2005 Decisions.* Paper 431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2867

CENTRAL PENNSYLVANIA
TEAMSTERS PENSION FUND;
JOSEPH J. SAMOLEWICZ

v.

POWER PACKAGING, INC.,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-02626)
District Judge:  Honorable James K. Gardner

Argued  September 29, 2005

Before:  RENDELL, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed October 12, 2005)

Andrew N. Howe     **[ARGUED]**
Hartman, Hartman, Howe & Allerton
2901 St. Lawrence Avenue
P.O. Box 4429
Reading, PA  19606-0129
   *Counsel for Appellant*

Frank C. Sabatino   **[ARGUED]**
Jo Bennett
Stevens & Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103
  *Counsel for Appellee*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

    Power Packaging, Inc. ("Power Packaging") appeals the District Court's grant of summary judgment in favor of Central Pennsylvania Teamsters Pension Fund (the "Fund") and Joseph J. Samolewicz, the Fund's administrator. The District Court held that the provisions of two collective bargaining agreements that concern Power Packaging's obligations to contribute to the Fund on behalf of its employees clearly and unambiguously require Power Packaging to make contributions on behalf of workers that it leases from staffing agencies. Because we disagree, and, in fact, conclude that the pension provisions clearly and unambiguously limit Power Packaging's contribution obligations to employees that are on its payroll, and thereby exclude leased workers, we will reverse and direct the District Court to enter summary judgment in favor of Power Packaging.

    The District Court had jurisdiction under sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, section 301(a) of the

2

Labor Management Relations Act, 29 U.S.C. § 185(a), and the federal common law, 28 U.S.C. § 1331. In an appeal from a grant of summary judgment, we exercise jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order is plenary. Teamsters Indus. Employees Welfare Fund v. Rolls-Royce Motor Cars, Inc., 989 F.2d 132, 135 (3d Cir. 1993).

As we write solely for the parties, who are familiar with the factual and procedural background, we will discuss only the legal issue presented and related material facts.

The parties agree that Power Packaging's pension fund contribution obligations for the years for which the Fund seeks delinquent contributions are governed by two collective bargaining agreements between Power Packaging and Teamsters Local Union No. 429. Cent. Pa. Teamsters Pension Fund v. Power Packaging, Inc., No. 03-CV-02626, slip op. at 2 (E.D. Pa. May 24, 2004). The pension fund contribution provisions of the agreements are identical. The relevant portions of those provisions read as follows:

> Section 2. Eligibility of Employees.
>
> a. All existing eligible Employees, and all new eligible Employees shall be eligible for participation in and for contributions to the Fund after they have been on the payroll of the Employer for thirteen (13) weeks.
>
> b. In determining the initial thirteen (13) week period, a new Employee shall be deemed to be on the payroll of the Employer each week he is assigned and works three (3) separate work periods during one (1) work week, or is assigned and works twenty (20) hours or more in less than three (3) separate work periods during one (1) work week.

3

Id. at 6-7.

The District Court read Section 2.b to "render[ ] an employee who is not technically on defendant's payroll nonetheless eligible for pension contributions if he is 'deemed' to be on the payroll." Id. at 16. Citing Schaffer v. Eagle Industries, Inc., 726 F. Supp. 113, 117-18 (E.D. Pa. 1989), the District Court concluded that leased workers could be considered Power Packaging employees. Id. Under the District Court's logic, then, the leased workers could be "deemed" to be on Power Packaging's payroll for pension contribution purposes. Id. at 17.

We are unpersuaded by the District Court's analysis. A plain reading of Section 2.a reveals that Power Packaging employees are not eligible for participation in or contributions to the Fund until after "they have been on the payroll of the Employer for thirteen (13) weeks." Section 2.b, on which the District Court relied, does not "deem" otherwise non-payroll employees to be "on the payroll" and thus render them eligible for contributions. Rather, that section provides the calculation method for the thirteen-week period, which payroll employees must satisfy before they become eligible. Section 2.b's scope is expressly limited to defining the requirements for reaching Section 2.a's thirteen-week threshold:

> In determining the initial thirteen (13) week period, a new employee shall be deemed to be on the payroll of the Employer each week he is assigned and works three (3) separate work periods during one (1) work week, or is assigned and works twenty (20) hours or more in less than three (3) separate work periods during one (1) work week.

4

Read this way, Section 2.b narrows, rather than expands, the class of Eligible Employees. It is not enough for an employee to be "on the payroll" for thirteen weeks in order to qualify for contributions; that employee must (1) be on the payroll and (2) satisfy Section 2.b's minimum work period or hour requirements for thirteen weeks before Power Packaging is obligated to contribute to the Fund on his behalf.

We conclude that the relevant language of the pension fund contribution provisions in the collective bargaining agreements at issue is clear. Power Packaging is required to contribute to the Fund only on behalf of those employees who satisfy all of the requirements set forth in Sections 2.a and 2.b of those provisions. Because the leased workers in this case are not on Power Packaging's payroll, they fail to meet Section 2.a's initial payroll requirement. Power Packaging is therefore not required to contribute to the Fund on the leased workers' behalf.

We will accordingly reverse the District Court's grant of summary judgment to the Fund and Samolewicz and remand the case to the District Court with instructions to grant summary judgment in favor of Power Packaging.